UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:10-cv-61438

WALTER AND JOYCE LAKE

    Plaintiffs,

vs.

FIREMANS FUND INSURANCE COMPANY,

    Defendant.
_____/

## COMPLAINT

Plaintiffs Walter and Joyce Lake ("the Lakes"), by and through their undersigned counsel, file the following complaint against Fireman's Fund Insurance Company ("FFI"). In support of this Complaint, the Lakes allege the following:

## NATURE OF THE ACTION

1.  This is an action brought by the Lakes against FFI for failure to provide coverage under a homeowner's policy for claims for damage to the Lakes' home located at 75090 Oversees Hwy, Islamorada, Florida 33036 ("Covered Premises"). Although the damages arise from covered losses, and FFI previously has admitted not only that there is coverage but that a substantial amount is due and owing for the covered losses, FFI has refused to pay for all of the covered losses for over one year since admitting to coverage. And now, FFI has attempted to justify its wrongful failure to pay the admitted amounts based on a purported defense that the claims now may not be covered or also could be covered under other insurance policies. The Lakes file this action for FFI's breach of contract and for declaratory relief against FFI.

## PARTIES, JURISDICTION, AND VENUE

2. This is an action for damages in excess of $75,000.00, exclusive of interest, costs, and attorneys' fees, and is within the jurisdiction of this Court.

3. The Lakes are individuals who reside in Monroe County, Florida, and own the Covered Premises at issue.

4. FFI is an insurance company organized and existing under the laws of the State of California, with its principal place of business in Novato, California. FFI provides insurance to individuals and entities throughout the State of Florida, including Monroe County, Florida.

5. This Court has personal jurisdiction over FFI pursuant to Fla. Stat. § 48.193, because FFI operates, conducts, engages in, or carries on a business or business venture in Florida or has an office or agency in Florida, contracts to insure persons, properties, or risks located within Florida, entered into and breached a contract in Florida, and engaged in substantial and not isolated activity within Florida.

6. Pursuant to 28 U.S.C. § 1391 and jurisdiction is proper under 28 U.S.C. 1332, venue is proper because the Covered Premises made the subject of this action is located in this District, a substantial part of the events giving rise to the claims occurred in this District, and FFI is subject to personal jurisdiction in this District.

**7.** All conditions precedent to bringing this action have been waived, excused, or otherwise have been performed or occurred.

8. The Lakes have retained the undersigned law firm to represent them in their cause and have agreed to and are obligated to pay it a reasonable fee for its services.

## GENERAL ALLEGATIONS

9. In 2003, the Lakes entered into a turn-key, design-build contract to build a dream retirement home in Monroe County, Florida. That contract was entered into with a general contractor called D'Asign Group, Inc., f/k/a D'Asign Source & Co., Inc. ("D'Asign Source"). Initially, the first phase of the project involved construction of the shell of the home. In May 2005, the Lakes negotiated with D'Asign Source a comprehensive change order for the purpose of completing the remaining work on the home. On June 15, 2007, however, the Lakes gave notice to D'Asign Source that they were terminating the parties' contact.

10. In 2007, the Lakes were approached by a representative of FFI. The Lakes were told that FFI could provide a homeowner's policy, which would insure the home, although the home still remained under construction. FFI, however, stated that a homeowner's policy could be issued only after FFI had an opportunity to inspect the home.

11. After completing its inspection, FFI issued Homeowner's Insurance Policy No. NZA 322 17 05, which provided property insurance coverage to the Lakes for the twelve month period commencing October 28, 2007, through and including October 28, 2008 ("the Policy"). As a result of FFI issuing the Policy and providing coverage, the Lakes allowed their previous insurance to lapse effective the date of FFI's Policy. The Policy was extended such that coverage continued from October 28, 2008, through the present. True and correct copies of the declaration pages and the Policy are attached as Composite Exhibit A.

12. The purpose of the Policy is to provide insurance coverage to the Lakes home in Islamorada, including, but not limited to, coverage for "direct physical loss to

property described in dwelling, other structures, or personal property resulting from an occurrence."

13. During the Policy period, the Lakes discovered significant damage to the Covered Premises as a result of, among other things, water intrusion that caused damage to the interior of the Covered Premises as well as to the stucco and marmarino finish on the exterior of the Covered Premises. The water intrusion resulted, in whole or in part, by negligent, faulty, or defective workmanship or material in the installation, construction, and/or supervision by D'Asign Source, the general contractor, during the construction of the home's shell, the roof, and the windows and doors, among other things.

14. Additional covered losses were caused as a result of the negligent, faulty, or defective workmanship in the installation, construction, and/or supervision by D'Asign Source of the home's shell, the roof, the heating, air conditioning, plumbing, electrical, gas, and ventilation systems, the windows and doors, and the swimming pool at the Covered Premises. There were a myriad of other covered losses to the Covered Premises. At that time, the damages were in the mid-seven figure range, and continue to rise.

15. The Policy in question provided coverage for these losses and were discovered during the Policy period. The Lakes submitted to FFI, in a timely manner, a claim for the costs and expenses incurred as a result of the damages. In turn, FFI inspected the Covered Premises and FFI's claims adjuster and designated inspectors were informed regarding the scope of the losses above. FFI's claims adjuster and designated inspectors inspected the entire Covered Premises on multiple occasions, documenting the covered losses.

16. Following the completion of these several inspections, FFI issued a determination that certain of the losses submitted by the Lakes were covered under the Policy and provided a numerical estimate of the covered losses.

17. Consistent with having admitted to coverage, FFI issued partial payments over the next several months but failed to itemize what losses the payments covered and paid only approximately twenty-five percent of the amount FFI agreed was covered. After these payments, FFI refused to issue any further payments. FFI stated no additional payments would be made because there may be other insurance policies that could likewise provide coverage (these insurance policies being maintained by D'Asign Source, the subcontractors who worked on the project, and/or the Lakes' insurance policy that they had maintained prior to the issuance of the Policy (a Builder's Risk policy)). FFI's refusal to pay the full amount is a direct violation of Florida law, and left the Lakes with no recourse to cover their substantial losses.

18. Following several months of efforts by the Lakes to convince FFI that its actions were inappropriate, FFI then issued an additional payment, bringing the total for all of the payments made to approximately fifty percent of the covered losses. Again, FFI failed to identify what this last payment was designated to cover. FFI, however, made clear that the Lakes should not expect any further payments until something was resolved with respect to the other insurance policies that may provide coverage.

19. As the Lakes have engaged in remediation work, they have discovered additional significant damages. Immediately upon discovering these new damages, the Lakes submitted to FFI, in a timely manner, claims for the costs and expenses incurred as a result of these new damages. FFI inspected the Covered Premises and FFI's claims

adjuster and designated inspectors were informed regarding the scope of the new losses. FFI's claims adjuster and inspectors agreed that the new claims were covered losses, but likewise have not paid the Lakes for these losses.

20. Despite the Lakes' repeated requests for payment of the covered losses, FFI continues to make clear that the Lakes will not receive any further payments until something is resolved with respect to the other insurance policies that may provide coverage. In addition, FFI now states that payment is not required because the once admitted covered losses may have occurred during a period not covered under the Policy.

21. Although FFI has refused to pay the total amounts admitted as due, the Lakes have attempted to the best of their abilities to remediate the Covered Premises. These efforts, however, have been hampered as a result of FFI's refusal to pay all of the insurance proceeds it previously acknowledged were owed to the Lakes. Moreover, despite not paying all amounts due and owing, FFI is presently attempting to assert its subrogation rights under the Policy and potentially interfering with the Lake's ability to resolve any claims against D'Asign Source and its subcontractors.

## COUNT I - BREACH OF CONTRACT

22. The Lakes re-allege and incorporate by reference the allegations of paragraphs 1 through 21 above as if fully set forth herein.

23. In 2007, FFI offered to provide property insurance coverage to the Lakes for the year October 28, 2007, through October 28, 2008 (and extended thereafter) in exchange for payment of certain premiums. The parties therefore entered into a written contract—the Policy—and the Lakes proceeded to pay all premiums as required to FFI.

24. The Policy set forth the rights and obligations of FFI to the Lakes with respect to their claims, including the following pertinent terms and conditions:

**PROPERTY LOSSES WE COVER**

We will pay for direct physical loss to property described in Dwelling, Other Structures, or Personal Property resulting from an **occurrence**.

\* \* \*

**COVERAGE FOR DAMAGE TO YOUR PROPERTY…**

**Personal Property**

We cover:

    11. Reasonable Repairs

    In the event that covered property is damaged by an applicable cause of loss we cover, we will pay the reasonable cost incurred by you for necessary measures taken solely to protect against further damage. If the measures taken involve repair to other damaged property, we will pay for those measures only if that property is covered under this policy and the damage to that property is caused by an applicable cause of loss we cover.

\* \* \*

B. Property Losses Not Covered…

    b. Water Damage, meaning: …

    We do cover:

    Any resulting loss unless that resulting loss is itself not covered in Property Losses Not Covered…

    3. We do not cover loss caused by any of the following. However, any ensuing loss not excluded in this policy is covered….

    c. faulty, inadequate or defective:

    (2) design, specifications, workmanship, repair, construction, **renovation**, remodeling, grading, compaction;

    (3) materials used in repair, construction, **renovation** or remodeling; or

    (4) maintenance

    of part or all of any property on or off the **residence premises**.

*See* Composite Exhibit A (emphasis in original).

25. Pursuant to the terms and conditions of the Policy, the Lakes have a right to property coverage for loss or damages. These losses or damages include water intrusion, which was caused in whole or in part by negligent, faulty, or defective workmanship or material in the installation, construction, and/or supervision by D'Asign Source of the home's shell, roof, and windows and doors, among other things. Additional covered losses were caused as a result of the negligent, faulty, or defective workmanship in the installation, construction, and/or supervision by D'Asign Source of the home's shell, the roof, the heating, air conditioning, plumbing, electrical, gas, and ventilation systems, the windows and doors, and the swimming pool.

26. On or about May 2009 through the present, FFI materially breached the Policy when it failed to pay in full for the losses or damages to the Covered Premises that it admitted were covered, when it failed to cover or otherwise pay the full amount incurred by the Lakes to repair or replace the losses, and otherwise failed to provide coverage for the Lakes' claims.

27. As a direct and proximate result of FFI's material breaches of the Policy, the Lakes have suffered general compensatory damages. The Lakes also have suffered special damages, including, but not limited to, the expenses to make the repairs and/or rebuild the Covered Premises. These damages have increased as a result of FFI's refusal to pay amounts timely.

28. Further, FFI is impermissibly interfering with the Lakes ability to resolve additional uncovered claims by attempting to assert its subrogation rights in a manner inconsistent with FFI's obligations to their policyholder's under Florida law.

WHEREFORE, the Lakes demand the following: (a) general compensatory damages and special damages for breach of contract from FFI, which would include and is not limited to all loss, costs, and expenses to remediate the damages caused by negligent, faulty, or defective workmanship or material in the installation, construction, and/or supervision that occurred at the Covered Premises and any consequential damages that could have been avoided had FFI paid timely; (b) attorneys' fees pursuant to Fla. Stat. § 627.428; and (c) interest, costs, and such other and further relief as the Court deems just, equitable and proper may deem appropriate.

## COUNT II – DECLARATORY JUDGMENT

29. The Lakes re-allege and incorporate by reference the allegations of paragraphs 1 through 21 above as if fully set forth herein.

30. Although FFI previously admitted to coverage and further admitted to certain amounts being covered under the Policy, FFI now has stated that there may not be coverage under the Policy or that it has a right under the Policy to withhold any further payments for covered losses because there may be other insurance policies that could likewise provide coverage. Further, FFI is impermissibly interfering with the Lakes ability to resolve additional uncovered claims by attempting to assert its subrogation rights in a manner inconsistent with FFI's obligations to their policyholder's under Florida law.

31. An actual and immediate controversy exists between the Lakes and FFI with respect to FFI's duties and obligations under the Policy in that the Lakes contend, and FFI now appears to deny, that FFI is obligated to pay the Lakes' claims in their entirety pursuant to the Policy.

32. There is a bona fide, actual, present practical need for the declaration. The declaration deals with a present, ascertained, or ascertainable state of facts or present controversy as to a state of facts.

33. The Lakes are entitled to have determined, under 28 U.S.C. § 2200, their rights, and the obligations of FFI, arising from the Policy.

34. Some immunity, power, privilege, or right of the Lakes is dependent upon the facts or the law applicable to the facts, as a result of which the Lakes are in doubt as to the rights and obligations of the parties under the Policy.

35. FFI has, or reasonably may have, an actual, present, adverse, and antagonistic interest in the subject matter of the Policy, either in fact or law, which is properly before the Court.

36. The declaratory relief sought is not merely the giving of legal advice by the Court or the answer to questions propounded from curiosity. A single judicial determination of the rights and duties of the Lakes and FFI under the Policy with respect to the Lakes' claims is necessary to terminate some or all of the disputes and controversies between the parties.

WHEREFORE, the Lakes demand the following: (a) the Court enter a declaration that (i) the Policy covers the Lakes' claims, and (ii) FFI is obligated to compensate the Lakes for all loss, costs, and expenses to remediate the damages caused by negligent, faulty, or defective workmanship or material in the installation, construction, and/or supervision that occurred at the Covered Premises, as well as any consequential damages that could have been avoided had FFI paid timely; (b) attorneys'

fees pursuant to Fla. Stat. § 627.428; and (c) interest, costs, and such other and further relief as the Court deems just, equitable and proper may deem appropriate.

## DEMAND FOR TRIAL BY JURY

37. The Lakes demand trial by jury on all issues so triable.

Dated:  August 10, 2010

                                          Respectfully submitted,

                                          s/ Gregory C. Ward
                                          Gregory C. Ward, P.A.
                                          Fla. Bar No. 0185949
                                          gward@wardkim.com
                                          Brian L. Lerner, P.A.
                                          Fla. Bar No. 0177202
                                          blerner@wardkim.com
                                          Ward Kim Vaughan & Lerner LLP
                                          One Financial Plaza, Suite 2001
                                          Fort Lauderdale, FL  33394
                                          Telephone:    (954) 527-1115
                                          Facsimile:     (954) 527-1116
                                          Attorneys for Plaintiffs